IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Sealed

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RITA DEHORTA | ) ) ) |
| STATE OF FLORIDA ex rel. RITA DEHORTA, | ) ) ) ) |
| Plaintiff-Relator, | ) ) |
| v. | ) ) |
| LAS MIAS MEDICAL CENTER; ABEL HERNANDEZ; and ROLANDO CRUZ, | ) ) ) ) |
| Defendants. | ) ) |

FILED BY _____ D.C.
FEB 27 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case No. _____
**JURY TRIAL DEMANDED**
**FILED UNDER SEAL**

19-20771-cv-Gayles
Mag-Otazo-Reyes

## COMPLAINT

1. Relator Rita Dehorta, brings this action on behalf of herself, the United States of America, and the State of Florida against Defendants Las Mias Medical Center and Rolando Cruz for violations of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("federal FCA"), and of the Florida False Claims Act, Fla. Stat. §§ 68.081 *et seq.* ("Florida FCA") (collectively, the "False Claims Act").

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1345.

3. This court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a) in that Defendants do or transacts business in this jurisdiction and violations of the False Claims Act described herein were carried out in this district.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and under 31 U.S.C. § 3732(a).

-2-

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

5. As required by the federal FCA, 31 U.S.C. § 3730(b)(2), and Florida FCA, Fla. Stat. §§ 68.083(3), Relator has provided to the Attorney General of the United States, Attorney General of the State of Florida, Chief Financial Officer of the State of Florida, and the United States Attorney for the Southern District of Florida a statement of all material evidence and information related to the Complaint ("Disclosure Statement").

6. The Disclosure Statement is supported by material evidence known to Relator at the time of filing, establishing the existence of Defendants' false claims.

7. The Disclosure Statement includes attorney-client communications and work product of Relator's attorneys and is submitted to the Attorney General of the United States Attorney General of the State of Florida, Chief Financial Officer of the State of Florida, and the United States Attorney for the Southern District of Florida in their capacities as potential co-counsel in this litigation; therefore, the Disclosure Statement is confidential and protected by the joint prosecutorial privilege.

## PARTIES

8. Defendant Las Mias Medical Center is a full-service medical center, adult day care, and research center located at 6445 and 6429 SW 8th St., Miami, FL 33144 ("the medical center").

9. Defendant Las Mias Medical Center is made up of a number of corporate entities, including Las Mias Medical Center Inc, f/k/a Holistic Medical Institute Inc; Las Mias Research and Medical Center Corp; The Family Adult Day Care, Inc., d/b/a Las Mias Adult Daycare; T.M Rehab Center Inc.; and Mia's Care Services Inc.

10. Las Mias Medical Center is owned and operated by Rolando Cruz and his wife Lucy Cruz.

-3-

11. Abel Hernandez is employed as the patient recruiter for Las Mias Medical Center.

## GOVERNMENT HEALTHCARE PROGRAMS

12. Title XVIII of the Social Security Act, U.S.C. §§ 1395 *et seq.*, establishes the Health Insurance for the Aged and Disabled Program, known as the Medicare program. The Secretary of the United States Department of Health and Human Services ("HHS") administers the Medicare Program through the Centers for Medicine and Medicaid Services ("CMS").

13. The Medicare program is comprised of four parts. Medicare Part A ("Hospital Insurance") provides basic insurance for the costs of hospitalization and post hospitalization care. 42 U.S.C. §§ 1395c-i-5. Medicare Part B ("Medical Insurance") is a federally subsidized, voluntary insurance program that covers the fee schedule amount for doctors' services, outpatient care, medical supplies, and laboratory services. 42 U.S.C. §§ 1395j-w-5. Medicare Part C ("Medicare Advantage Plans") is a plan offered by private insurers that contract with Medicare to provide Part A and Part B benefits. 42 U.S.C. §§ 1395w-21-w-28. Medicare Part D ("Prescription Drug Coverage") is a plan offered by private insurers approved by Medicare to provide basic insurance for prescription drugs. 42 U.S.C. §§ 1395w-101-w-154.

14. Reimbursement for Medicare Part B claims is made by the United States through CMS. CMS, in turn, contracts with fiscal intermediaries to administer and pay Medicare Part B claims from the Medicare Trust Fund. 42 U.S.C. § 1395(u). In this capacity, the fiscal intermediaries act on behalf of CMS. 42 C.F.R. § 421.5(b). Separate payments are made for each CPT procedural code listed on the Medicare Part B claims. *See* 45 C.F.R. §§ 162.1000, 162.1002, 162.1011, adopting the Current Procedural Terminology Coding Manual published by the American Medical Association (the "CPT Manual").

15. Reimbursement for Medicare Part C claims is made by the United States through CMS. CMS makes fixed monthly payments to each Medicare Choice organization for each enrolled individual, i.e., a capitated payment.

16. Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 *et seq.* establishes the Medicaid program, a federally assisted grant program for the States. Medicaid enables the States to provide medical assistance and related services to needy individuals. CMS administers Medicaid on the federal level. Within broad federal rules, however, each state decides who is eligible for Medicaid, the services covered, payment levels for services, and administrative and operational procedures.

17. At all times relevant to this Complaint, the United States provided funds to the States through the Medicaid program pursuant to Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 *et seq.* Enrolled providers of medical services to Medicaid recipients are eligible for payment for covered medical services under the provisions of Title XIX of the 1965 Amendments to the Federal Social Security Act.

## ANTI-KICKBACK STATUTE

18. The Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), prohibits any person or entity from making or accepting "any remuneration" to induce or reward any person for, *inter alia*, referring, recommending, or arranging for the purchase of any item for which payment may be made under a federally-funded health care program. 42 U.S.C. § 1320a-7b(b). The statute's prohibition applies to both sides of an impermissible kickback relationship (i.e., the giver and the recipient of the kickback).

19. Underscoring the breadth of the statutory definition, the HHS OIG Anti-Kickback Provisions, 56 Fed. Reg. 35952, 35958 (1991), broadly define the term "remuneration" as

"anything of value in any form or manner whatsoever." *See* HHS-OIG Anti-Kickback Provisions, 56 Fed. Reg. 35952, 35958 (1991); *accord United States ex rel. Fry v. The Health Alliance of Greater Cincinnati*, 2008 U.S. Dist. LEXIS 102411, at *17 (S.D. Ohio Dec. 18, 2008).

20. Violations of the "Anti-Kickback Statute" can subject the perpetrator to liability under the federal FCA, for example, for causing the submission of false or fraudulent claims or for making a false or fraudulent statement or record material to a false or fraudulent claim. Accordingly, claims for reimbursement for services that result from kickbacks are rendered false or fraudulent under the False Claims Act. 42 U.S.C. § 1320a-7b(g). *See also United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 379-80 (1st Cir. 2011); *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, 2017 U.S. Dist. LEXIS 138722, at *9 (D.S.C. Aug. 27, 2017) (applying common sense and weight of authority to hold that evidence that claims are tainted by illegal kickback scheme would be material to decision to pay claims).

21. Violation of the Anti-Kickback Statute subjects the violator to exclusion from participation in federal health care programs, civil monetary penalties, and imprisonment of up to five years per violation. 42 U.S.C. § 1320a-7(b)(7); § 1320a-7a(a)(7).

22. Similarly, § 1128A(a)(5) of the Social Security Act prohibits the offer or transfer of "remuneration" to a Medicare or Medicaid beneficiary that the offeror or transferor knows or should know is likely to influence the beneficiary's healthcare decisions. 42 U.S.C. § 1320a-7a(a)(5); see also OIG Special Advisory Bulletin, Offering Gifts and Other Inducements to Beneficiaries (Aug. 30, 2002, 67 Fed. Reg. 55855-56).

23. Prohibited "remuneration" includes "the waiver of coinsurance and deductible amounts (or any part thereof)," 42 U.S.C. § 1320a-7a(i)(6), and would include payments to beneficiaries which would *de facto* eliminate beneficiaries' coinsurance obligations.

24. The State of Florida has its own Anti-Kickback Statute, Fla. Admin. Code 59G-1.050(11), which, *inter alia*, prohibits payment in return for referring an individual to a person for furnishing any service for which payment may be made under the Florida Medicaid program.

## FACTUAL ALLEGATIONS

25. Las Mias Medical Center offers reimbursement to Medicare and Medicaid beneficiaries in exchange for allowing it to submit false claims to the beneficiaries' insurance for services that are not actually rendered.

26. For example, one such individual admitted to Relator that Las Mias Medical Center pays both him and his wife $20 to $100 for therapy services that are not actually performed, but that Las Mias bills to their Medicare and Medicaid benefits.

27. Relator witnessed firsthand as the individual spoke on the phone with Las Mias Medical Center employees—including Abel Hernandez and two of its therapists—about meeting at a location away from the medical center—such as the employees' homes—to pay the individual in exchange for him signing false records indicating that he had received medical services that he had not received.

28. Las Mias Medical Center also pays a referral fee to non-employees for bringing in new "patients," either as actual patients or to participate in its scheme of fraudulent billing for services not rendered.

29. For example, the aforementioned individual attempted to recruit Relator's husband, a Medicare and Medicaid beneficiary. He admitted to Relator that he would receive a payment if

her husband participated in the false billing scheme, and that she too could refer others to participate in the scheme in exchange for monetary payments.

30. Even if Las Mias Medical Center were providing the services to patients referred in exchange for monetary payments, the violation of the Anti-Kickback Statute taints any claims to Medicare or Medicaid for those services

## COUNT I
## VIOLATION OF 31 U.S.C. § 3729(a)(1)
### (All Defendants)

31. Relator hereby incorporates and realleges herein the allegations set forth in Paragraphs 1-29.

32. As set forth above, Defendants Las Mias Medical Center, Abel Hernandez, and Rolando Cruz, individually and by and through their agents, officers, and employees, knowingly presented or caused to be presented numerous false or fraudulent claims for payment or approval, in violation of the federal False Claims Act, 31 U.S.C. § 3729(a)(1)(A).

33. As set forth above, Defendants Las Mias Medical Center, Abel Hernandez, and Rolando Cruz, individually and by and through their agents, officers, and employees, knowingly made, used, or caused to be made or used, false records or statements material to numerous false claims, in violation of the federal False Claims Act, 31 U.S.C. § 3729(a)(l)(B).

34. As set forth above, Defendants Las Mias Medical Center, Abel Hernandez, and Rolando Cruz, individually and by and through their agents, officers, and employees, knowingly conspired with Medicare and Medicaid beneficiaries to commit a violation of the federal False Claims Act, in violation of 31 U.S.C. § 3729(a)(1)(C).

35. Due to Defendants' conduct, the United States Government has suffered substantial monetary damages.

36. The United States is entitled to treble damages based upon the amount of damage

sustained by the United States as a result of the aforementioned violations of the federal FCA, 31 U.S.C §§ 3729-3733, in an amount that will be proven at trial.

37. The United States is entitled to a civil penalty as required by 31 U.S.C. § 3729(a) for each of the fraudulent claims and statements.

38. Relator is also entitled to reasonable attorneys' fees and costs, pursuant to 31 U.S.C. § 3730(d)(1).

**COUNT II**
**VIOLATION OF FLORIDA STATUTE § 68.082(2)(a) – FLORIDA FCA**
**(All Defendants)**

39. Relator hereby incorporates and realleges herein the allegations set forth in Paragraphs 1-29.

40. As set forth above, Defendants Las Mias Medical Center, Abel Hernandez, and Rolando Cruz, individually and by and through their agents, officers, and employees, knowingly presented, or caused to be presented to the Florida Medicaid program numerous false or fraudulent claims for payment or approval, in violation of the Florida False Claims Act, Fla. Stat. § 68.082(2)(a).

41. As set forth above, Defendants Las Mias Medical Center, Abel Hernandez, and Rolando Cruz, individually and by and through their agents, officers, and employees, knowingly made, used, or caused to be made or used, false records or statements material to numerous false claims, in violation of the Florida False Claims Act, Fla. Stat. § 68.082(2)(b).

42. As set forth above, Defendants Las Mias Medical Center, Abel Hernandez, and Rolando Cruz, by and through their agents, officers and employees, conspired with Florida Medicaid beneficiaries to commit a violation of the Florida False Claims Act, in violation of Fla. Stat. § 68.082(2)(c).

43. Due to Defendants' conduct, the State of Florida has suffered substantial monetary damages.

44. The State of Florida is entitled to treble damages based upon the amount of damage sustained by the State of Florida as a result of the aforementioned violations of Fla. Stat. § 68.082(2), an amount that will be proven at trial.

45. The State of Florida is entitled to a civil penalty as required by Fla. Stat. § 68.082(2) for each of the fraudulent claims.

46. Relator is also entitled to reasonable expenses which the court finds to have been necessarily incurred and reasonable attorneys' fees and costs, pursuant to Fla. Stat. § 68.085.

## PRAYER FOR RELIEF

WHEREFORE, Relator prays for judgment against Defendant:

(a) awarding the United States treble damages sustained by it for each of the false claims;

(b) awarding the United States a maximum civil penalty for each of the false claims and records;

(c) awarding the State of Florida treble damages sustained by it for each of the false claims;

(d) awarding the State of Florida the maximum civil penalty for each of the false claims and records;

(e) awarding Relator thirty percent (30%) of the proceeds of this action and any alternate remedy or the settlement of any such claim;

(f) awarding Relator litigation costs and reasonable attorneys' fees; and

(g) granting such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Relator hereby respectfully demands trial by jury on all issues and counts triable as of right before a jury.

Respectfully submitted,

_____
Jonathan Kroner
**Jonathan Kroner Law Office**
Florida Bar No. 328677
300 S. Biscayne Blvd., Suite 3710
Miami, Florida 33131
Telephone: (305) 310-6046
JK@floridafalseclaim.com

Julie Bracker (pro hac vice to be applied for)
Georgia Bar No. 073803
Jason Marcus (pro hac vice to be applied for)
Georgia Bar No. 949698
**Bracker & Marcus LLC**
3225 Shallowford Road, Suite 1120
Marietta, Georgia 30062
Telephone: (770) 988-5035
Facsimile: (678) 648-5544
Julie@fcacounsel.com
Jason@fcacounsel.com